Argued March 15, affirmed April 8, 1971

HARTMAN, *Appellant, v.* HARTMAN,
*Respondent.*

483 P2d 480

*Sam Kyle*, Albany, argued the cause for appellant. On the brief were Richard T. Kropp and Emmons, Kyle & Kropp, Albany.

*Robert G. Danielson*, Sweet Home, argued the cause for respondent. With him on the brief were McFarlan & Danielson, Sweet Home.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

Plaintiff-husband appeals from a divorce decree. The issue on appeal is whether the trial court was too generous to the defendant-wife with regard to the division of property and the award of alimony.

Both the defendant and plaintiff had minor children by previous marriages. They were married in Vancouver, Washington, on January 7, 1967. At the time of the marriage Mr. Hartman was employed in Sweet Home, Oregon, and Mrs. Hartman was employed in or about Portland. When they were married Mrs. Hartman quit her employment and moved with her children to a house in Sweet Home owned by plaintiff, bringing with her some household furnishings. The majority of the household furnishings had been acquired by the husband prior to the marriage.

Although neither party was guilty of any particularly heinous offenses toward the other, the marriage was strife-ridden, attempts at marital counseling failed, and the marriage disintegrated. Plaintiff-husband sued for divorce, the defendant-wife cross-complaining for separation from bed and board.

The trial judge entered an order based upon his oral opinion from the bench, which was:

"* * * The plaintiff is awarded the cement mixer, the pipe wrenches, the Army footlocker, the four wagon wheels and the rug that's been referred to * * *. The plaintiff is also awarded the 1963 pickup, the fifteen-foot camp trailer and a judgment for $4700.

"* * * [T]he defendant is granted and awarded the house or premises described in the pleadings, the furniture, fixtures and equipment thereon, except as * * * heretofore awarded to the plaintiff. She is also awarded the 1966 Ford."

The trial judge also noted in his oral opinion that the defendant was in ill health and had embarked on a program of rehabilitation and training with some public expense involved in an attempt to again make herself self-supporting. He concluded that for these reasons it was proper to make an award of alimony in the amount of $75 per month for a period of one year.

Mr. Hartman on appeal says that the trial court erred in awarding the defendant the house, the household furnishings and a total of $900 alimony, payable at the rate of $75 per month.

It is rarely, if ever, possible to terminate an unsuccessful marriage in a manner which will gain the complete approbation of even one of the parties involved, to say nothing of both. All that the law can do is to terminate it in a manner which hopefully makes the best of a bad situation. When the circumstances as set forth in the trial judge's opinion are considered together with the actual values of the property involved, it becomes apparent to us that the trial judge achieved the law's purpose.

Mr. Hartman testified that the house had a balance due on it of approximately $500. He said that he tried to sell it for $14,000, but was told that it would not qualify for a mortgage unless it had about $3,000 spent on it to bring it up to mortgageable standards. The sale of real property normally entails substantial selling expenses. It thus becomes apparent that the real value of the house was somewhat less than $10,000. The wife was awarded the house—the husband was awarded a judgment of approximately half the value of the house—$4,700. While there is no testimony in the record as to the actual value of the household furnishings awarded to the wife, it is a reasonable as-

sumption that they were not of such quality as to command a great price in the marketplace. We note that while the judge, for the reasons set forth in his opinion, granted $900 in alimony, he made no award of attorneys fees to a woman who had no substantial liquid assets.

Affirmed.